**Roy Lee RUSSELL, Plaintiff–Appellant,**

v.

**John ASHCROFT, U.S. Attorney General; Kathleen Hawks, Director; Ronald G. Thompson, Regional Director, Defendants–Appellees.**

No. 05–40189
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 24, 2006.

Roy L. Russell, Oxford, WI, pro se.

Before JOLLY, DeMOSS, and
STEWART, Circuit Judges.

PER CURIAM: *

Roy Lee Russell, federal inmate
# 21767–009, proceeding pro se and in for-
ma pauperis, appeals the district court's
dismissal, pursuant to 28 U.S.C. § 1915(e)
for failure to state a claim, of his *Bivens*\*\*
complaint. Russell raised a failure-to-pro-
tect claim arising from an attack from
another inmate.

A dismissal for failure to state a claim
under § 1915(e)(2) is reviewed under the
same de novo standard of review applica-
ble to dismissals made pursuant to FED.
R.CIV.P. 12(b)(6). *See Harris v. Heg-
mann*, 198 F.3d 153, 156 (5th Cir.1999).
Russell did not sufficiently allege that the
conditions of his incarceration posed a sub-
stantial risk of serious harm, and he did
not allege that prison officials were delib-
erately indifferent to his need for protec-
tion. *Farmer v. Brennan*, 511 U.S. 825,
837, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811
(1994). As a result, the district court did
not err in dismissing Russell's complaint.

Russell asserts that the district court
erred in failing to conduct a hearing or
order the completion of a questionnaire to
allow him to expand on his claims. Pursu-
ant to the screening function of 28 U.S.C.
§ 1915A, the district court acted within its
authority when it dismissed Russell's com-
plaint without conducting a hearing or or-
dering the completion of a questionnaire.

Russell further asserts that the district
court erred in denying his motion to ap-
point counsel. Russell's case does not
present the type of exceptional circum-
stances that warrant the appointment of
counsel; accordingly, the district court did
not abuse its discretion in denying Rus-
sell's motion to appoint counsel. *Cupit v.
Jones*, 835 F.2d 82, 86 (5th Cir.1987); *Ul-
mer v. Chancellor*, 691 F.2d 209, 212–13
(5th Cir.1982). The judgment of the dis-
trict court is affirmed.

The district court's dismissal for failure
to state a claim counts as one strike under
28 U.S.C. § 1915(g). *See Adepegba v.
Hammons*, 103 F.3d 383, 387 (5th Cir.
1996). We dismissed as frivolous a prior
appeal filed by Russell from the dismissal
as frivolous of a complaint filed in the
district court. *See Russell v. Hawks*, 48
Fed.Appx. 106 (5th Cir.2002) (unpub-
lished). At that time Russell was in-
formed that he had accumulated two
strikes under § 1915(g) and was warned of
the sanction that would be imposed if he
acquired a third strike. Russell has now
accumulated at least three strikes. There-
fore, Russell may not proceed in forma
pauperis in any civil action or appeal filed
while he is incarcerated or detained in any
facility unless he is under imminent dan-
ger of serious physical injury. *See*
§ 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) BAR
IMPOSED.

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

\*\* *Bivens v. Six Unknown Named Agents*, 403
U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971).